**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**ANNA K. McCORMICK, ROBERT WILLIS, and SILVER SAGE CONSTRUCTION, INC.,**

**Plaintiffs,**

**vs.** **Civ. No. 12-695 JCH/ACT**

**CHAPARRAL MATERIALS, INC.,**

**Defendant.**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiffs' *Ex Parte Complaint for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction* [Doc. No. 1]. Under the circumstances of this case, which are set forth in more detail below, the Court construes the complaint also as a motion for temporary restraining order. After considering the grounds for relief set forth therein, the Court concludes that a restraining order should not be entered.

**LEGAL STANDARD**

The Supreme Court has observed "that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (quotation omitted). Similarly, the Court of Appeals for the Tenth Circuit has noted that "'a preliminary injunction is an extraordinary remedy, [and thus] the right to relief must be clear and unequivocal.'" *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)). In order for a party to be entitled to a temporary

restraining order or a preliminary injunction, that party must show "(1) he or she will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits." *Id.* at 1258 (quoting *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003)) (alterations omitted).

Plaintiffs must also comply with the procedural requirements of Fed. R. Civ. P. 65. With regard to an *ex parte* TRO, Rule 65(b)(1) provides that the Court may grant a TRO without notice to the other side only if (A) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why notice should not be required.

**FACTS**

On June 26, 2012, Robert Willis filed his "*ex parte* complaint" in this Court. Mr. Willis appears pro se and is the sole signatory on the complaint. He is the Trustee of the George McCormick Revocable Trust, which owns title to property at 1608 Old Pecos Trail, Santa Fe, New Mexico. Willis is also the owner and sole officer of Silver Sage Construction, Inc. Willis' co-plaintiff, Anna K. McCormick, is disabled and unrepresented by counsel; Mr. Willis is her caretaker. Ms. McCormick did not sign the complaint. Both Mr. Willis and Ms. McCormick reside at1608 Old Pecos Trail, Santa Fe, New Mexico. Plaintiff Silver Sage Construction, Inc. ("Silver Sage"), a construction company that is no longer in business, is also unrepresented by counsel at this time. The complaint is unaccompanied by an affidavit. Because Mr. Willis filed the complaint pro se, the Court construes its terms broadly and interprets it to be not only a complaint, but also a motion for

temporary restraining order.

The complaint is somewhat difficult to comprehend. However, as far as the Court can infer, the facts appear to be as follows. Plaintiffs had a business relationship with Defendant Chaparral Materials, Inc. ("Chaparral") in which Plaintiffs purchased construction materials from Chaparral. That business relationship went sour, resulting in a lawsuit filed by Chaparral against McCormick, Willis and Silver Sage in Second Judicial District Court, Bernalillo County, New Mexico. At trial, Willis admitted to forging McCormick's signature on an application for a line of credit with Chaparral. Despite this admitted forgery, the trial court still held McCormick liable for the debt. On December 22, 2009, Chaparral prevailed in that litigation and obtained a judgment against Willis, McCormick, and Silver Sage for $30,000 plus attorney's fees. Willis made arrangements with Chaparral to pay the judgment, and did so until January of 2011, when he could no longer make his agreed payments "due to an undeclared bankruptcy." Doc. No. 1 at ¶ 29. As a result, Chaparral filed a debt collection action against McCormick, Willis, and Silver Sage in First Judicial District Court, Santa Fe County New Mexico. In that case, Chaparral seeks to foreclose upon the property at 1608 Old Pecos Trail, Santa Fe, New Mexico, in satisfaction of the debt. McCormick, Willis, and Silver Sage are unrepresented by counsel in that case. Chaparral has filed a motion for summary judgment, which the First Judicial District Court has set for hearing on July 2, 2012. Willis alleges that counsel for Chaparral has refused to mail him copies of their pleadings, in violation of his constitutional right to due process, and that he is unable to utilize the district court's e-filing system. Plaintiffs further allege that as an American with disabilities, McCormick has certain rights under the Americans With Disabilities Act that have been violated by the state district courts.

Plaintiffs ask this Court to, *inter alia*: (1) enjoin Chaparral from foreclosing on the property at 1608 Old Pecos Trail in Santa Fe, New Mexico; (2) enter a declaratory judgment in their favor;

(3) enjoin the First Judicial District Court from holding the motion hearing on July 2, 2012.

Chaparral is represented by Lillian G. Apodaca of the law firm Bingham, Hurst & Apodaca, P.C. Doc. No. 1 at 16. However, Plaintiffs have not notified either Chaparral or its counsel that they have filed a request for a temporary restraining order. *See* Doc. No. 2. Plaintiffs have not given a reason for their failure to notify Chaparral.

**DISCUSSION**

The Court will deny Plaintiffs' application for temporary restraining order for several reasons.

First, Plaintiffs have failed to demonstrate a substantial likelihood of success on the merits. Plaintiffs allege that they are bringing their case under 42 U.S.C. § 1983 to enforce their constitutional rights. *See* Doc. No. 1 at ¶ 2. However, there is no indication at any point in the Ex Parte Complaint that Chaparral is a state actor for purposes of § 1983. Plaintiffs also allege that the First and Second Judicial District Courts have violated Plaintiffs' constitutional rights. However, neither of those bodies is a party to this case, and this Court is powerless to address claims against a non-party. Similarly, in the introductory paragraph of the Ex Parte Complaint, Plaintiff allege that this case implicates the interpretation and application of Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. However, the Court is unable to discern any violation of the ADA from the allegations of the Ex Parte Complaint. Congress has divided the ADA into five sections: private sector employment under Title I; public programs and activities under Title II; public accommodations under Title III; telecommunications under Title IV; and miscellaneous provisions under Title V. Americans with Disabilities Act of 1990, Pub.L. No. 101–336, 104 Stat. 327 (1990). Plaintiffs have not alleged a violation of any portion of the statute. The mere fact that Ms. McCormick is disabled is insufficient to state a claim for relief under the ADA.

Second, Plaintiffs have failed to demonstrate that they will suffer irreparable injury unless the injunction issues. Although Plaintiffs allege in cursory fashion that they will suffer irreparable harm, they fail to describe the nature of the harm and to explain why it cannot be remedied by money damages.[1]

Third, Plaintiffs have failed to satisfy the requirements of Rule 65(b)(1) of the Federal Rules of Civil Procedure. Despite the existence of ongoing litigation with Chaparral and the fact that Plaintiffs are well aware of the identity and contact information of Chaparral's lawyers, Plaintiffs have not notified them of the filing of their complaint and request for temporary restraining order, instead electing to file their complaint *ex parte*. *See* Doc. Nos. 1 and 2. Plaintiffs have failed to explain why notice to Chaparral should not be required. Plaintiffs have not shown that they would suffer irreparable harm if they were required to take the time to notify Chaparral, nor have they filed either a verified complaint or a sworn affidavit in support of their complaint. Thus, Plaintiffs have not complied with Rule 65(b)(1).

For all the foregoing reasons, the Court will not grant Plaintiffs the temporary restraining order they seek.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiffs' request for a temporary restraining order is **DENIED**;

(2) Plaintiffs must properly serve their *Ex Parte Complaint for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction* [Doc. No. 1] upon Defendant Chaparral in accordance with Rule 4 of the Federal Rules of Civil Procedure no later than July 30,

---

[1] Having decided the foregoing, the Court need not reach the question of whether Plaintiffs have adequately demonstrated that the threatened injury outweighs whatever damage the proposed TRO may cause Chaparral or whether the restraining order, if issued, would be adverse to the public interest

2012. Failure to do so may result in dismissal of Plaintiff's complaint for failure to prosecute.

(3) In the future, Plaintiff Anna K. McCormick must either sign pleadings on her own behalf or obtain counsel to represent her. Mr. Willis, who is not an attorney, cannot represent Ms. McCormick. Further, in order to continue as a Plaintiff in this case, Silver Sage must obtain counsel to represent it. A corporation may only "appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." *Harrison v. Wahatoyas*, L.L.C., 253 F.3d 552, 556 (10th Cir. 2001).

**UNITED STATES DISTRICT JUDGE**